## Kopcke, Appellant, *v.* Schwarz.

*Practice, Superior Court—Equity—Assignments of error—Insufficient.*

An appeal from a decree, which follows logically certain facts found and legal conclusions reached by a referee, will be dismissed, where it appears that no exceptions were filed to any such findings and conclusions.

*Equity practice—Rule 69—Notice to counsel.*

Under Rule 69, Equity Rules, when the referee has completed his findings and decree he must give notice to counsel for the respective parties; he is not required, under the rule, to give notice to the clients.

Argued November 11, 1919. Appeal, No. 234, Oct. T., 1919, by plaintiff, from decree of C. P. Lancaster County, sitting in equity, Equity Docket No. 6, page 180, in case of Adolph J. E. Kopcke v. Barbara Schwarz. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assignment of Error—Opinion of the Court. [73 Pa. Superior Ct.

Petition to vacate decree.  Before HASSLER, J.

The court dismissed the petition.  Plaintiff appealed.

*Error assigned* was the decree of the court.

*B. F. Davis,* for appellant.

*John E. Malone,* for appellee.

OPINION BY PORTER, J., February 28, 1920:

The plaintiff filed a bill in equity averring that he had entered into a written agreement with the defendant (a copy of the contract being made. part of the bill) providing for the erection and completion of certain dwelling houses upon lands which had been recently purchased by the defendant; that the defendant should furnish all the money necessary for carrying on the operation; that the plaintiff, who was a carpenter, should give his personal time, attention and labor, in superintending and directing the work; that the houses, after completion, should be sold at such time as the defendant might think advantageous; that the money realized from the sale should be applied first to the repayment to the defendant of the entire amount which she had invested in the operation, including the purchase money of the land with all interest thereon; and that any profit which might be made upon the enterprise or any loss sustained thereon should be equally divided between the parties. The bill prayed for an accounting. The defendant filed an answer admitting the execution of the contract and that the houses had been completed in accordance with its terms. The parties, by their counsel, elected to have the trial of the cause referred to a referee agreed upon by them, as authorized by Rules of Equity Practice, No. 69. The referee heard the parties, receiving such evidence as they offered to produce, and made a report, stating an itemized account of the amounts which each of the parties had paid out during the operation and

found that the entire operation had resulted in a loss and that the plaintiff was indebted to the defendant in the sum of $995.81. Having completed his report, the referee, as disclosed by the record, notified counsel for each of the parties, on September 24, 1917, that his findings and decree were ready at his office, stating the street and number, where they might be examined and that if no exceptions were filed within ten days, his report, with the decree recommended, would be filed with the prothonotary. No exceptions were filed to the findings of the referee, and, on October 15th, twenty days after he had notified the parties that the report was ready, he filed the report in the office of the prothonotary. Neither of the parties made any objection to the report and it remained unchallenged, but the court did not enter the decree. Thus the matter rested until September 21, 1918, when, the defendant having issued an execution to collect the amount of the finding in her favor by the referee, the plaintiff, this appellant, presented his petition to the court praying that the execution might be set aside, upon the ground that it had been issued when no final decree had been entered. He did not even at that time make any attempt to challenge the correctness of the findings of the referee, and the execution was set aside because of the absence of the final decree. The appellant permitted several more months to pass without taking any steps to challenge the findings of the referee and it was not until after the court, on January 18, 1919, entered the final decree, in accordance with the findings of the referee, that he made any attempt to assert that the proceedings before the referee were not in all respects regular, and he has not down until the present time filed any exception to any finding of the referee. On January 28, 1919, the plaintiff presented his petition to the court below, praying the court to vacate the decree and refer the case back to the master for further hearing, but he did not even then assert that any specific finding of the referee was not absolutely correct.

The court granted a rule to show cause why the prayer of this petition should not be granted, which rule it subsequently discharged, whereupon the plaintiff took this appeal. When the referee had completed his findings and decree he gave notice to counsel for the respective parties, as required by Rule 69; he was not required, under the rule, to give notice to the clients. Having given that notice and retained the report at the place where the parties had the opportunity to examine it during the period by the rule required, and no exceptions having been filed to his findings, he filed it with the prothonotary and the record was then in shape for a final decree. The fact that the prothonotary entered a judgment without waiting for the court to sign the decree, did not destroy the force of the findings of the referee which had not been excepted to, and the record was then in condition in which it was proper for the court to sign the decree at any time. None of the assignments of error challenge the findings and conclusion of the referee. The decree logically follows the facts found by the referee, no one of which was excepted to in the court below nor assigned for error upon this appeal. The appeal must for this reason be dismissed: Young v. Zion Reformed Congregation, 254 Pa. 442; Hafer v. Hafer, 70 Pa. Superior Ct. 112.

The decree is affirmed and the appeal dismissed, at costs of the appellant.